# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GRAPERY, INC. a California Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>BLOOM FRESH INTERNATIONAL LTD., a United Kingdom Corporation,<br><br>        Defendant. | **Case No. 2:23-cv-01567-CAS-PVCx**<br><br><br>**STIPULATED PROTECTIVE ORDER** |
| BLOOM FRESH INTERNATIONAL LIMITED,<br><br>        Counterclaimant,<br><br>v.<br><br>GRAPERY, INC.,<br><br>        Counter-Defendant. | |

## I.   INTRODUCTION

### 1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereinafter, the "Protective Order"). The parties acknowledge that the Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**1.1   Good Cause Statement.**  Good cause exists for the entry of a protective order.  The Parties are party to various contractual agreements governing their relationship with one another and third parties for the development, production, licensing, distribution and sale of proprietary fruit varietals, including terms of contracts and business operations that are competitively sensitive—the disclosure of which could provide a Party an unfair advantage or material disadvantage vis-à-vis competitors.  This litigation is likely to involve confidential and sensitive commercial, financial, business, and other valuable research and development information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of confidential, personal, business, strategic, proprietary, or commercially sensitive material otherwise generally unavailable to the public, or which may be privileged or otherwise

protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial and/or settlement discussions, to address their handling at the end of litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   DEFINITIONS

**2.1**   ACTION: *Grapery, Inc., v. Bloom Fresh International Ltd.*, U.S. District Court for the Central District of California, Case No. 2:23-cv-01567-CAS-PVC.

**2.2**   CHALLENGING PARTY: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

**2.3**   CONFIDENTIAL INFORMATION OR ITEMS: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4**   COUNSEL: Outside Counsel of Record and In-House Counsel (as well as their support staff).

**2.5**   DESIGNATING PARTY: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.6** <u>DISCLOSURE or DISCOVERY MATERIAL</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** <u>EXPERT</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by the Parties or its counsel to serve as an expert witness or as a consultant in this Action as well as the expert's or consultant's partners, employees, and support staff.

**2.8** <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION OR ITEMS</u>: extremely sensitive "Confidential Information or Items" (regardless of how it is generated, stored or maintained) or tangible things that belong to a Designating Party who believes in good faith that the disclosure of such information to another Party or Non-Party is substantially likely to cause injury to the Designating Party and could not be avoided by less restrictive means.

**2.9** <u>IN-HOUSE COUNSEL</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10** <u>NON-PARTY</u>**:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11** <u>OUTSIDE COUNSEL OF RECORD</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and their support staff.

**2.12** <u>PARTY</u>**:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13** <u>PRODUCING PARTY</u>**:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14** <u>PROFESSIONAL VENDORS</u>**:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15** <u>PROTECTED MATERIAL</u>**:** any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or any other material specifically deemed as such under this Protective Order.

**2.16** <u>RECEIVING PARTY</u>**:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **SCOPE**

The protections conferred by this Protective Order cover and its terms govern not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by the Parties, their Counsel, or Non-Party that might reveal Protected Material; and (4) any Disclosure or Discovery Material produced by a Non-Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial.

**4.** **DURATION**

The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed

to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

    **5.1**    UNDERLINE EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION.

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    **5.2**    MANNER AND TIMING OF DESIGNATIONS.

Except as otherwise provided in this Protective Order (see, e.g., second paragraph of Section 5.2.1 and Section 5.2.2, below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

**5.2.1**  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Confidentiality Legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). In the case of multi-page documents bound together by staple or other permanent binding, the Confidentiality Legend need only be stamped on the first page of the document in order for the entire document to be treated in accordance with its designation. In the case of native files, the Confidentiality Legend need only appear in the title of the file in order for the entire file to be treated in accordance with its designation.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

**5.2.2**  for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, and

specify the level of protection being asserted over all protected testimony. Alternatively, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded), or within five business days of receiving the final deposition transcript (whichever is received first), a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. A Designating Party may also specify, at the deposition or during the 21-day period described in this Section if that period is properly invoked, that the entire transcript shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 5-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. If the Designating Party invokes the 21-day period for identifying CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information in a transcript, the

transcript shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. After the expiration of this time period, the transcript shall be treated only as actually designated.

The Parties may modify this procedure for any deposition or other pretrial testimony, through agreement on the record at such deposition or testimony or by written correspondence after the deposition or testimony, without further order of the Court.

**5.2.3**   for information produced in some form other than documentary and for other tangible items, the Producing Party must affix the Confidentiality Legend to the exterior of the container or containers in which the information is stored or in the file or directory name, in the case of electronically stored information produced in native format. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.2.4**   for any other Disclosure or Discovery Material, by written notice that the Material constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, as applicable.

**5.3    Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. A Producing Party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any Disclosure or Discovery Material that has already been produced, including Disclosure or Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, (i) by notifying in writing the Party to whom the production has been made that

the Disclosure or Discovery Material constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Disclosure or Discovery Material, or (ii) in a manner consistent with Section 5.2. The Designating Party shall mark and replace previously supplied Disclosure or Discovery Material. Upon receiving notice of the inadvertent failure to designate, the Parties shall thereafter treat the Disclosure or Discovery Material so designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and such Material shall be fully subject to this Protective Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNERY'S EYES ONLY Disclosure or Discovery Material. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Disclosure or Discovery Material before its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall exercise its best efforts to ensure (i) the return or destruction of such Disclosure or Discovery Material by any person not authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Disclosure or Discovery Material under the terms of this Protective Order, (ii) that any documents or other materials derived from such Disclosure or Discovery Material are treated as if the Disclosure or Discovery Material had been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Disclosure or Discovery Material when originally produced, (iii) that such Disclosure or Discovery Material is not further disclosed except in accordance with the terms of this Protective Order, and (iv) that any such Disclosure or Discovery Material,

and any information derived therefrom, is used solely for the purposes described in Section 7 of this Protective Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1     Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1 *et seq*.

**6.3     Judicial Intervention.** The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Prior to filing such motion, the Parties must comply with the meet and confer requirements for presenting discovery disputes as outlined in Local Rule 37-1. While such a motion is pending, the Discovery or Disclosure Material in question shall be treated in accordance with its designation pursuant to this Stipulation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material shall not be used for any other purpose, including, without limitation, any business or commercial purpose; provided, however, that the foregoing shall not apply to Protected Material that is or properly becomes part of the public record; and further provided that the restrictions on the use of Protected Material may be modified for good cause shown. Protected Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Every person to whom Protected Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Protected Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Protective Order and notify the Non-Party that the protections of this Protective Order are available to such Non-Party.

The filing with the Court of any pleading, brief, memorandum, motion, letter, affidavit, exhibit or other document that discloses, summarizes, describes, characterizes,

includes or attaches or otherwise communicates Protected Material (a "Confidential Filing") shall be governed by Local Rule 79-5.

      **7.2**    **Disclosure of CONFIDENTIAL Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

      **7.2.1**  the Receiving Party's Outside Counsel of Record in this Action, as well as partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors (including outside copying services and outside support services) of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      **7.2.2**  the directors, officers, general partners, limited partners, managers, members, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Action;

      **7.2.3**  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      **7.2.4**  the Court and its personnel;

      **7.2.5**  court reporters and their staff transcribing any hearing, trial, or deposition in this Action or any appeal therefrom;

      **7.2.6**  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      **7.2.7**  any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata) containing the information or any person indicated

as a custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party;

**7.2.8**  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any Confidential Information or Items unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

**7.2.9**  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

**7.2.10** any other person only upon (1) order of the Court entered upon notice to the Parties, or (ii) written protective order of, or statement on the record by, the Producing Party who provided the Protected Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

**7.3**   **DISCLOSURE OF HIGHLY CONFIDENTIAL INFORMATION**

**7.3.1**  HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY material may be disclosed, summarized, described, characterized, or otherwise be communicated or made available in whole or in part for use in connection with this Action and in accordance with this Protective Order only to:

**7.3.2**  the Receiving Party's Outside Counsel of Record in this Action, as well as their partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such Outside Counsel of Record (including outside copying services and outside support services) to whom it is reasonably necessary to disclose the information for this litigation;

**7.3.3**   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

**7.3.4**   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.6.1, below, have been followed;

**7.3.5**   professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**7.3.6**   the Court and its personnel;

**7.3.7**   court reporters and their staff transcribing any hearing, trial, or deposition in this Action or any appeal therefrom;

**7.3.8**   any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata) containing the information or any person indicated as a custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party;

STIPULATED PROTECTIVE ORDER

**7.3.9**  any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Highly Confidential material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

**7.4**     Subject to Section 3, to the extent that testimony is sought concerning Protected Material during any deposition or in any pretrial hearing, any Party may exclude any person from the deposition or hearing during such testimony if the Protected Material may not be disclosed to such person under the terms of this Protective Order.

**7.5**     Notwithstanding Sections 7.2.3 and 7.3.4, Protected Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Action, provided that such expert or consultant uses said Protected Material pursuant to the terms of this Protective Order and agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Protected Material to any person required to execute an undertaking pursuant to this Section shall be responsible for obtaining and retaining such signed undertaking before provision of the Protected Material to such expert or consultant.

**7.6    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.**

**7.6.1** Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3.4 first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party

- 15 -

seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

**7.6.2** A Party that makes a request and provides the information specified in the preceding respective Sections may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

**7.6.3** A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or other compulsory process that compels disclosure of any information or items designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party must:

8.1.1   promptly notify in writing the Designating Party within 3 business days of receipt of such a demand or, if response to such a demand is due in less than 3 business days, at least 24 hours prior to the deadline for a response. Such notification will include a copy of the subpoena or court order unless prohibited by law;

8.1.2   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and object to the production of Protected Material on the grounds of the existence of this Order. Such notification shall include a copy of this Protective Order; and

8.1.3   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party, whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY before

- 17 -

a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or a court so orders. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. Compliance by the Party with any order directing production pursuant to such a demand of Protected Material will not constitute a violation of this Protective Order.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**9.1** The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**9.2** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**9.2.1** promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**9.2.2** promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**9.2.3**  make the information requested available for inspection by the Non-Party, if requested.

**9.2.4**  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order or that a loss of confidentiality is likely to occur, the Receiving Party responsible for the disclosure or loss of confidentiality must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If Disclosure or Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any party is inadvertently produced to that Party or Parties ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as

to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity. When a Producing Party gives notice to Receiving Parties that certain Inadvertent Production Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and below:

**11.1**   A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party that there is a good-faith basis for such claim of inadvertent production.

**11.2**   If a claim of inadvertent production is made pursuant to this Protective Order, with respect to Disclosure or Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

**11.3**   A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; and may retain a copy of the material on an attorneys'-eyes only basis for the purpose of bringing such a motion; however, while such motion is pending, the Disclosure or Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the

Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

## 12.  **MISCELLANEOUS**

**12.1  Right to Further Relief**. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future. The Parties reserve the right to apply for an order seeking additional safeguards with respect to the use and handling of Protected Material or to modify the terms of this Protective Order.

**12.2  Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  Any Party may, after making a good-faith effort to resolve any such objection to the designation of Disclosure or Discovery Material as Confidential or Highly Confidential, move on reasonable notice for an order vacating the designation. While such a motion is pending, the Disclosure or Discovery Material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order. This Protective Order is not intended to shift any burden of proof, including the burden of establishing that any Disclosure or Discovery Material validly constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, which burden remains on the Designating Party.

**12.3  Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to

file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**12.4   No Prejudice or Waiver**. Entering into this Protective Order, or agreeing to and/or producing or receiving Disclosure or Discovery Material (regardless of confidentiality designation, if any) or otherwise complying with the terms of this Protective Order shall not:

**12.4.1** Prejudice in any way the rights of any Party to (i) seek production of documents or information the Party considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

**12.4.2** Operate as an admission by any Party that any Disclosure or Discovery Material constitutes Protected Material or contains or reflects trade secrets or any other type of confidential information;

**12.4.3** Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Protected Material, or (ii) seek a determination by the Court whether any Disclosure or Discovery Material (regardless of confidentiality designation, if any) should be subject to the terms of this Protective Order;

**12.4.4** Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any Disclosure or Discovery Material;

**12.4.5** Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

**12.4.6** Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

**12.4.7** Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege immunity or protection.

**12.5**   This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Disclosure or Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Protected Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Disclosure or Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions.

**13.**   **JOINDER OF ADDITIONAL PARTIES**

**13.1**   In the event additional Parties join or are joined in this Action, they shall not have access to Protected Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be bound fully by this Protective Order.

**14.**   **FINAL DISPOSITION**

After receiving notice of the final disposition of this Action or any other proceeding in which Protected Material is permitted to be used, as defined in Section 4, and within 60 days of receiving a written request by the Designating Party, each Receiving Party having received Protected Material shall either: return all Protected Material, including summaries, excerpts, and derivative works, to the Producing Party or make a good-faith and reasonable effort to destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, if so requested, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4. All materials returned to the Parties or their Outside Counsel of Record by the Court likewise shall be disposed of in accordance with this Section.

15.    Any wilful violation of this Protective Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: August 12, 2024

_____
Hon. Pedro V. Castillo
United States Magistrate Judge

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2024 in the case of *Grapery, Inc., v. Bloom Fresh International Ltd.*, U.S. District Court for the Central District of California, Case No. 2:23-cv-01567-CAS-PVC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____