UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

William O'Neil                                        Robert Paris

**Proceedings:**   ZOOM HEARING RE: GRAPERY, INC.'S MOTION TO DISMISS BLOOM FRESH INTERNATIONAL LTD.'S LANHAM ACT CLAIMS (Dkt. 65, filed on JULY 1, 2024)

## I.  INTRODUCTION

On March 2, 2023, plaintiff Grapery, Inc. ("Grapery") filed this action against defendant International Fruit Genetics, LLC ("IFG"). Dkt. 1. Plaintiff asserts three claims for relief: (1) declaratory judgment—no violation of the Lanham Act; (2) declaratory judgment—no breach of contract; and (3) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code Section 17200. Id.

On May 3, 2023, IFG filed an answer to the complaint and asserted four counterclaims: (1) breach of contract; (2) federal unfair competition; (3) federal dilution; and (4) false advertising/false designation of origin. Dkt. 22.

On June 1, 2023, the parties filed a stipulation and motion to temporarily stay all proceedings, which the Court granted the next day. Dkts. 37, 38.

On August 9, 2023, Grapery filed an answer to IFG's counterclaims. Dkt. 41.

On December 21, 2023, the parties filed a joint stipulation to substitute Bloom Fresh International Limited ("Bloom Fresh") as defendant pursuant to Rule 25(c) and to update the case caption, which the Court granted that same day. Dkts. 42, 43.

On May 7, 2024, Bloom Fresh filed a stipulation to grant it leave to file amended counterclaims, which the Court granted that same day. Dkts. 60, 61.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

On May 9, 2024, Bloom Fresh filed amended counterclaims, asserting the same four claims as IFG's counterclaims. Dkt. 62 (the "FAC").

On July 1, 2024, Grapery filed a motion to dismiss Bloom Fresh's Lanham Act claims and a declaration of Jeffrey Davidson in support of its motion. Dkts. 65 ("Mot."), 65-2. On July 22, 2024, Bloom Fresh filed an opposition to Grapery's motion to dismiss and objections to Davidson's declaration.[1] Dkts. 66 ("Opp."), 66-1. On August 5, 2024, Grapery filed a reply in support of its motion, a reply declaration, and a response to Bloom Fresh's objections to Davidson's declaration. Dkts. 67 ("Reply"), 67-1, 67-3.

On August 19, 2024, the Court held a hearing. Grapery's motion to dismiss Bloom Fresh's Lanham Act claims is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

On August 11, 2023, counterclaimant Bloom Fresh acquired IFG's intellectual property rights and assumed IFG's contracts with its licensees pursuant to an Asset Purchase Agreement. FAC ¶ 13. As such, the background section references both IFG and Bloom Fresh. Counter-defendant Grapery is a grower and marketer of table grapes and one of IFG's licensees. Id. This action arises from "Grapery's decisions to substitute its trademarks and branding for those of Bloom Fresh, confusing consumers about the true source of the grapes being sold into the market." Id. ¶ 7.

In 2001, IFG was formed to use advanced hybridization and other natural breeding practices to develop new fruit varietals. Id. ¶ 14. IFG developed popular grape varieties trademarked under the following names: SWEET SURRENDER, SWEET SUNSHINE, SWEET CELEBRATION, COTTON CANDY, SWEET GLOBE, CANDY HEARTS,

---

[1] Bloom Fresh objects to the exhibits attached to Davidson's declaration because they are not incorporated by reference in its counterclaims. Dkt. 66-1 at 1. While both exhibits were included with Grapery's complaint, Bloom Fresh argues that the Court should not consider the exhibits with Grapery's motion regarding the counterclaims—"the operative pleading." Id. at 1-2. In response, Grapery argues that its exhibits may be considered by the Court because they "are both 'reference[d] extensively' in the FAC and integral to Bloom Fresh's claims." Dkt. 67-3 at 2. Regardless of whether the Court considers its exhibits, Grapery contends that the Court should grant its motion. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

CANDY DREAMS, CANDY CRUNCH, CANDY SNAPS, SWEET JUBILEE, SWEET SAPPHIRE, and QUIP. Id. ¶¶ 18-19, 26-35. "Bloom Fresh is the owner of valid and subsisting United States Trademark Registrations on the Principal Register in the United States Patent and Trademark Office (USPTO)," which have become incontestable pursuant to Section 15 of the Lanham Act, for several of these trademarks. Id. ¶¶ 37-44.

    Under IFG's and now Bloom Fresh's Global Licensing Program, the grape varieties are licensed to over 300 licensees throughout the world, spanning over thirty-nine million acres. Id. ¶¶ 19-21. Bloom Fresh carefully monitors the leasing of its proprietary fruit plants and licensing of its intellectual property to growers to "ensure that its fruits are marketed and sold under its well-known trademarks to maintain the integrity of its intellectual property." Id. ¶ 22. The unique trademarks for each varietal also help "ensure that the fruit is marketed consistently across all markets and helps to build consumer recognition, trust in the product, and goodwill in the Bloom Fresh brands." Id. ¶ 25. Each varietal—marketed and sold exclusively under a registered mark—has unique features. Id. ¶¶ 26-35. IFG and Bloom Fresh have expended substantial resources, i.e., over $4 million, on marketing and promoting the grapes sold under its marks, which are "distinctive to both the consuming public and Bloom Fresh's trade." Id. ¶¶ 47-48. Grocery stores throughout the world, such as Whole Foods, Costco, Albertsons, Sprouts, and others, sell Bloom Fresh's table grapes, which have also been featured in national media coverage, such as NPR and ABC, international documentaries, films, and social media. Id. ¶ 49. Bloom Fresh contends that the distinctiveness and use of its marks render them famous within the meaning of Section 43(c) of the Lanham Act. Id. ¶ 51.

    Under the Global Licensing Program, every licensee, including Grapery, must sign several agreements that control the distribution of Bloom Fresh's varietal fruits. Id. ¶ 52. On January 12, 2011, and August 25, 2020, Grapery executed the Proprietary Cultivar Plant Lease and Trademark Licensing Agreement, which generally "provides that Bloom Fresh retains ownership of the fruit plants, that the licensee leases the plants for a number of years from Bloom Fresh, and that all fruit harvested from the fruit plant must be marketed and sold under the corresponding trademark." Id. ¶¶ 54-55. On February 2, 2008, January 13, 2011, and January 2, 2012, Grapery executed the Proprietary Cultivar Marketing Rights and Trademark Licensing Agreement which provides "conditions regarding the proper way a licensee must use Bloom Fresh's Marks on all fruit harvested from Bloom Fresh's fruit plants and the marketing of goods to consumers." Id. ¶¶ 57-58. On January 12, 2011, Grapery executed the Proprietary Cultivar Exclusive Marketing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

Rights and Trademark Licensing Agreement, which relates to the COTTON CANDY mark and grants Grapery the exclusive rights to cultivate and distribute the Cotton Candy grape.[2] Id. ¶¶ 61-62. Over time, Bloom Fresh has established additional requirements for all licensees. Id. ¶ 67. Only Grapery has allegedly failed to materially comply with these requirements and continues to substitute its own marks on licensed varietals. Id. ¶ 68.

For example, IFG's and Bloom Fresh's trademark policy requires the use of the Bloom Fresh trademark with the corresponding fruit. Id. ¶ 76. Yet "Grapery is engaged in the growing, distribution, advertising, promotion, offering for sale, and the selling of the Licensed Cultivars solely under Grapery's own naming conventions, marks, and branding, omitting the required use of Bloom Fresh's Marks." Id. ¶ 77. Grapery uses the trademarks LIMITED and TEMPTATION and the following trademarks that it owns to market fruit from the IFG Proprietary Cultivars: TEAR DROPS (Registration No. 4908338), GUM DROPS (Registration No. 4863698), MOON DROPS (Registration No. 4852504), ALL NATURAL WOW (Registration No. 6223764), and Grapery Logo (Registration No. 4141607). Id. ¶¶ 79-85. Because Bloom Fresh's marks do not appear anywhere on Grapery's packaging, Bloom Fresh contends that "consumers are unlikely to perceive Grapery's use of its 'Gum Drops,' 'Moon Drops,' 'Tear Drops,' 'Temptation,' and 'Limited' marks as merely the presentation of an 'umbrella brand' used to identify the grower." Id. ¶ 86. Grapery's use of unapproved and non-IFG trademarks violates the license agreements. Id. ¶ 88. Further, Grapery's marketing of fruit of a Proprietary Cultivar under a Grapery trademark both materially breaches the license agreements and infringes Bloom Fresh's trademark rights. Id. ¶ 89. "Grapery's unauthorized substitution of its own marks for the relevant Licensed Trademarks has caused confusion and uncertainty concerning the Marks, as the fruit marketed by Grapery under its own trademarks competes with identical fruit properly marketed under the correct Licensed Trademarks." Id. ¶ 94. It has also caused consumer confusion regarding the source or origin of Bloom Fresh's fruits that Grapery sells, diminishing the value in Bloom Fresh's trademarks. Id. ¶¶ 97-98. On February 15, 2023, IFG sent Grapery a letter addressing its improper use of trademarks and requesting its compliance with the parties' various agreements. Id. ¶ 101. In response, Grapery initiated this action against IFG. Id. ¶ 103.

---

[2] Bloom Fresh acknowledges that Grapery properly uses the COTTON CANDY mark pursuant to the licensing agreements. FAC ¶ 87.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon

| | | | |
|---|---|---|---|
| Case 2:23-cv-01567-CAS-PVC | Document 76 | Filed 08/19/24 | Page 6 of 12   Page ID #:755 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Grapery moves to dismiss Bloom Fresh's three Lanham Act claims: (1) federal unfair competition; (2) federal dilution; and (3) false advertising/false designation of origin. See generally Mot. It argues that Bloom Fresh cannot rely on its allegations that Grapery breached the parties' licensing agreements to establish a Lanham Act violation and that Bloom Fresh fails to separately plead its Lanham Act claims. Reply at 2-3.

### A. Federal Unfair Competition

Grapery argues that Bloom Fresh's claim that Grapery marketed and sold IFG varieties using its trademarks rather than the Disputed IFG Trademarks—or "reverse passing off" claim—fails for two reasons. Mot. at 6-9. First, Grapery argues that Bloom Fresh cannot demonstrate that it is the "origin" of the grapes. Id. at 8. Grapery cites Dastar Corp. v. Twentieth Century Fox Film Corp. to assert that "origin" under the Lanham Act "refers to 'the producer of the tangible product sold in the marketplace,' not 'the person or entity that originated the ideas . . . that 'goods' embody or contain.'" Id.; see also Dastar Corp., 539 U.S. 23, 31-32 (2003). As the entity that grows and thus produces the grapes, Grapery contends that Bloom Fresh, which develops the intellectual property associated with the grapes, cannot assert a reverse passing off claim. Mot. at 8. Second, Grapery argues that Bloom Fresh has not alleged that Grapery altered, removed, or obliterated an IFG trademark to prove its reverse passing off claim. Id. at 9.

In opposition, Bloom Fresh argues that its unfair competition claim encompasses more than "reverse passing off" and concerns Grapery's mislabeling of Bloom Fresh's fruit and substitution of Bloom Fresh's trademarks. Opp. at 6-7. Bloom Fresh asserts that it, not Grapery, is the "origin" of the goods sold by Grapery pursuant to the parties' license agreements, which state that "Bloom Fresh retains ownership of the fruit plants." Id. at 7-8. It contends that while Grapery acts as its agent in growing the grapes and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

distributing them, it "is the 'origin' of the physical plants and the grapes grown from them—not just the intellectual property (e.g., gene traits) embodied in plant material." Id. at 9-10. Further, it argues that Grapery's substituting Bloom Fresh's marks for its own is reverse passing off. Id. at 9. While removal of a mark may give rise to liability, Bloom Fresh contends that Grapery nonetheless violated the Lanham Act by representing Bloom Fresh's product as its own. Id. at 11-12. Thus, it asserts that it sufficiently pled an unfair competition claim by alleging that "Grapery is 'altering' trademark designations by mislabeling grapes harvested from Bloom Fresh's plants and using marks of Grapery's own choosing, rather than Bloom Fresh's designated marks." Id. at 11.

In reply, Grapery asserts that "'ownership' is not an element of a reverse passing off claim," and it is thus irrelevant that Bloom Fresh may own the "fruit plants," "plant materials," and intellectual property used to produce the grapes. Reply at 3-4. Instead, as the entity that grows and distributes the grapes at issue, Grapery contends that it is the owner, producer, and "origin" of the grapes. Id. at 4. While Bloom Fresh argues that Grapery acts as its agent in growing the grapes, Grapery asserts that it is only a licensee, and that the parties' licensing agreement even prohibits Grapery from acting as Bloom Fresh's agent. Id. at 4-5. Finally, Grapery contends that, contrary to Bloom Fresh's arguments, a reverse passing off claim in the Ninth Circuit requires alteration or removal of a trademark. Id. at 6. Because there are no allegations that Grapery removed or altered a Disputed IFG Trademark, Grapery argues that the Court should dismiss Bloom Fresh's unfair competition claim. Id.

"The 'ultimate test' for unfair competition is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.'" Century 21 Real Est. Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988). It appears to the Court that this "ultimate test" presents several factual questions that are inappropriate for determination on a motion to dismiss. Moreover, the Court finds that Bloom Fresh has sufficiently pled its unfair competition claim at this juncture. Here, Bloom Fresh alleges that it leases fruit plants—the IFG Proprietary Cultivars—to its licensees, including Grapery, pursuant to several agreements. While the agreements require the licensees to harvest the fruit and then market and sell the fruit under the corresponding Bloom Fresh trademark, Bloom Flesh alleges that Grapery is instead selling the fruit using its *own* trademarks. Bloom Fresh asserts that this substitution of trademarks "confus[es] consumers about the true source of the grapes being sold into the market." FAC ¶ 7. Thus, Bloom Fresh has sufficiently alleged that Grapery's conduct

Case 2:23-cv-01567-CAS-PVC   Document 76   Filed 08/19/24   Page 8 of 12   Page ID #:757

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

constitutes unfair competition in violation of the Lanham Act for purposes of a motion to dismiss. Accordingly, the Court **DENIES** Grapery's motion to dismiss Bloom Fresh's federal unfair competition claim.

### B. Federal Trademark Dilution

Grapery contends that Bloom Fresh's dilution claim also fails for several reasons. First, Grapery argues that Bloom Fresh does not allege that Grapery is selling unrelated or different goods using the Disputed IFG Trademarks to support a trademark dilution claim but instead alleges that Grapery "is using its *own* marks—which differ significantly from the Disputed IFG Trademarks—to market and sell IFG varieties." Mot. at 10-11 (emphasis in original). Second, Grapery argues that Bloom Fresh fails to allege that the Disputed IFG Trademarks are "famous and distinctive" in a nonconclusory manner. Id. at 12-14. According to Grapery, Bloom Fresh fails (1) to distinguish between the Disputed IFG Trademarks and the Cotton Candy mark, which Bloom Fresh concedes Grapery is properly using to sell the "best known" variety of grapes, (2) to identify on which specific mark IFG expended more than $4 million, and (3) to specify which grape varieties are sold at the top grocery stores and have received media attention. Id. at 14-16. Thus, Grapery contends that Bloom Fresh's allegations of fame are not specific or detailed enough for a dilution claim. Id. at 15-16. Finally, Grapery argues that Bloom Fresh fails to allege that Grapery used the Disputed IFG Trademarks *after* the marks became famous. Id. at 16. In fact, Grapery asserts that Bloom Fresh alleges that Grapery has not used the Disputed IFG Trademarks. Id. at 17. Grapery contends that "[i]n the absence of allegations about *when* a mark became famous—and *when* the defendant began using it—a dilution claim must fail." Id. at 16 (emphasis in original).

In opposition, Bloom Fresh contends that it has sufficiently pled a trademark dilution claim by alleging that Grapery's use of its own marks on Bloom Fresh's products has "lessened the capacity of Bloom Fresh's famous marks to identify and distinguish its grape varietals." Opp. at 12. For example, it asserts that "Grapery's substitution of 'Gum Drops' for CANDY DREAMS, 'Moon Drops' for SWEET SAPPHIRE, and use of 'Tear Drops' for multiple Bloom Fresh varietals, are sufficiently close in the imagery and flavors they evoke to create consumer confusion and lessen Bloom Fresh's marks' capacity to distinguish its grape varietals." Id. at 13. According to Bloom Fresh, a dilution claim does not require using the marks to sell a *different* good, particularly here where Grapery—as a licensee—is mislabeling Bloom Fresh's varietals and batching multiple varietals under one mark. Id. at 14. Further, Bloom Fresh contends that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

question of whether a trademark is famous is a factual inquiry. Id. at 14-15. As an initial matter, Bloom Fresh asserts that Grapery expressly waived the right to challenge the Licensed Trademarks, including the fame of the marks, pursuant to the parties' license agreements, and is estopped from doing so. Id. at 15. Moreover, Bloom Fresh argues that its allegations sufficiently demonstrate that its marks, which are registered and inherently distinctive, are famous. Id. at 16. According to Bloom Fresh, its allegations "show the Marks' global reach through a coordinated branding and sales strategy, as well as third parties' national and unprompted recognition of the popularity of Bloom Fresh's trademark-branded grapes," which has led to the grapes being sold in the most recognized grocery stores and their promotion in both national and international media coverage. Id. at 17-18. Finally, Bloom Fresh argues that its counterclaims allege that its trademarks "'became distinctive and famous prior to' Grapery's unauthorized conduct" and provide "adequate notice of the general time-period at issue." Id. at 18-19 (citation omitted).

In reply, Grapery asserts that "Bloom Fresh must allege that Grapery is using the Disputed IFG Trademarks—or something 'similar' to the Disputed IFG Trademarks—to market and sell a product," but instead, it alleges that Grapery is *not* using the Disputed IFG Trademarks. Reply at 7-8. It also contends that there are "obvious differences" between the marks Grapery uses and the Disputed IFG Trademarks. Id. Further, Grapery asserts that Bloom Fresh fails to allege that Grapery is selling "different goods" from the IFG varieties it licenses from Bloom Fresh. Id. With regard to the alleged fame of the Disputed IFG Trademarks, Grapery first asserts that the licensing agreement does not prevent it from challenging the marks' fame. Id. at 9. Grapery also contends that Bloom Fresh's allegations fail to plead fame "on a mark-by-mark basis," but even in the aggregate, "are no different from those rejected by other courts." Id. at 9-10. Finally, it argues that Bloom Fresh's sole allegation that "the Disputed IFG Trademarks 'became distinctive and famous prior to' Grapery's alleged misconduct" is too conclusory to allege *when* the marks became famous, particularly "when the 'time-period' referenced in the FAC spans more than 20 years." Id. at 11-12.

The Court does not find that Bloom Fresh has sufficiently pled a claim for trademark dilution. For a trademark dilution claim, "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008). Here, it appears to the Court that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

Bloom Flesh's claim fails at the second element because Bloom Fresh does not allege that Grapery is "making use of the mark in commerce."[3] In fact, the crux of Bloom Fresh's allegations is that Grapery is *not* using Bloom Fresh's trademarks, but is instead improperly using its own, different marks on the grapes, in violation of the parties' agreements. Moreover, while the similarity of the marks is only one factor courts consider when determining the likelihood of dilution by blurring, Bloom Fresh does not allege that Grapery's trademarks are even similar to the Disputed IFG Trademarks. A claim for dilution by tarnishment similarly fails because Bloom Fresh alleges that Grapery is using its own trademarks to sell the IFG varietals, rather than using Bloom Fresh's trademarks to sell an inferior product. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1326 n.7 (9th Cir. 1998) ("Tarnishment occurs when a famous mark is improperly associated with an inferior or offensive product or service."). Thus, Bloom Fresh has failed to allege that Grapery's conduct has lessened "the capacity of [the Disputed IFG Trademarks] to identify and distinguish goods or services." See Lockheed Martin Corp. v. Network Sols., Inc., 985 F. Supp. 949, 959 (C.D. Cal. 1997); see also § 24:67. "Dilution" of a trademark—What is it?, 3 McCarthy on Trademarks and Unfair Competition § 24:67 (5th ed.) ("The concept of dilution theorizes that a junior user's unpermitted use of a famous mark on unrelated goods or services that are not likely to cause confusion can still cause a weakening or reduction in the ability of a famous mark to distinguish only one source."). Accordingly, the Court **GRANTS** Grapery's motion to dismiss Bloom Fresh's trademark dilution claim.

  C.  **False Advertising/False Designation of Origin**[4]

  Grapery argues that the false designation of origin claim fails because there is no allegation that it misrepresented the geographic origin of the grapes, which is its fields in California. Id. at 18. Further, Grapery argues that the Court should dismiss Bloom Fresh's false advertising claim under Section 43(a)(1)(B) as "entirely duplicative" of Bloom Fresh's unfair competition claim under Section 43(a)(1)(A). Id. at 18-19. It also contends that the false advertising claim should be dismissed because "Bloom Fresh does

---

[3] Because the Court finds that Bloom Fresh has failed to plead its trademark dilution claim, the Court does not reach the parties' arguments regarding the marks' fame.
[4] As an initial matter, Grapery asserts that Bloom Fresh's failure to specify whether it brings a claim for false advertising or for false designation of origin—two different claims—is a reason to dismiss the claim. Mot. at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

not allege that Grapery has misrepresented the 'characteristics' or 'qualities' of the grapes in question" to support its claim. Id. at 19-20.

In opposition, Bloom Fresh asserts that a false designation of origin claim under Section 43(a)(1)(A), unlike Section 43(a)(1)(B), need not be based on misrepresentations regarding the product's "geographic origin." Opp. at 19. According to Bloom Fresh, "consumers are likely to be confused as to whether Bloom Fresh is affiliated or associated with, or otherwise approved or sponsored, Grapery's renaming of marks for Bloom Fresh-licensed varietals." Id. at 20. Bloom Fresh contends that Grapery compounds consumers' confusion by using its exclusive license for the COTTON CANDY mark while "mixing-and-matching" or substituting new names for other varietals. Id. With regard to its false advertising claim, it argues that Grapery's substitution of the authorized marks "mispresent[s] the nature, characteristics [and] qualities" associated with Bloom Fresh's licensed varietals, which each have unique colors, shapes, textures, sizes, and flavors. Id. at 21 (citation omitted). Bloom Fresh argues that Grapery further misrepresents the characteristics of the specific varietals by "combin[ing] different proprietary varietals under a single name—without specifying the required Bloom Fresh varietal trademark" and by using "umbrella brands." Id.

In reply, Grapery argues that the Court should dismiss Bloom Fresh's false designation of origin claim because Bloom Fresh (1) does not specify whether the claim arises under Section 43(a)(1)(A) or Section 43(a)(1)(B); (2) concedes that a claim under Section 43(a)(1)(B) fails; and (3) asserts duplicative claims. Reply at 12-13. It also argues that the false advertising claim should be dismissed due to Bloom Fresh's failure to respond to Grapery's arguments that the claim is duplicative of the unfair competition claim and cannot be based on the alleged use of an incorrect trademark. Id. at 13.

It appears to the Court that Bloom Fresh has sufficiently pled its false advertising and false designation of origin claims. Bloom Fresh has alleged that Grapery's use of its own trademarks, instead of the Bloom Fresh trademarks, on the grapes "conveys the false and misleading commercial impression to the public that Grapery is the source of and rights holder to these goods, when it is not." FAC ¶ 128. As with Bloom Fresh's federal unfair competition claim, the Court finds that these allegations are sufficient to plead a violation of the Lanham Act for purposes of a motion to dismiss. Accordingly, the Court **DENIES** Grapery's motion to dismiss Bloom Fresh's false advertising/false designation of origin claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-01567-CAS (PVCx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | GRAPERY, INC. V. BLOOM FRESH INTERNATIONAL LIMITED | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Grapery's motion to dismiss Bloom Fresh's Lanham Act claims. The Court **GRANTS** Grapery's motion to dismiss Bloom Fresh's trademark dilution claim and **DENIES** Grapery's motion to dismiss Bloom Fresh's federal unfair competition claim and false advertising/false designation of origin claim. The Court grants plaintiff leave to amend its trademark dilution claim and directs plaintiff to file an amended complaint by September 9, 2024.

IT IS SO ORDERED.

                                                 00 : 20

Initials of Preparer        CMJ